**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 11-46510 |
| | ) | |
| Integrity Mold & Tool Inc. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

### APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses.  In its application, IFG Chtd. requests compensation for services rendered during the period June 1, 2012 to May 15, 2014.  For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $6,790.00 for 19.40  hours.  IFG Chtd. also requests that the Court order, allow and direct payment to it of $87.61 for reimbursement of expenses incurred in connection with its legal services.  IFG Chtd. previously requested interim compensation for services rendered during the period of November 16, 2011 to May 31, 2012.  For this period, IFG Chtd. was awarded attorneys' fees for services rendered in the amount of $10,733.00 for 35.70 hours and requested payment of $6.60 for reimbursement of expenses incurred in connection with its legal services. The Court entered an award of interim compensation on June 22, 2012 as indicated.   IFG Chtd. now requests that the previously entered interim award now be awarded as  final compensation.  In support of its application, IFG Chtd. respectfully states as follows:

**BACKGROUND**

1. On November 16, 2011, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by the Debtor.

2. Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of Integrity Mold & Tool, Inc.

3. Through her administration and liquidation of the Estate, Trustee has amassed approximately $96,000.00 (the Trustee's various forms may show $102,500.00, however $6,315.00 was returned as a refundable security deposit and the Trustee therefore has not categorized this as funds of the Estate for purposes of Trustee compensation and this report).  The funds are available to the Estate.  The administration of the Estate is concluded.

Counsel for the Trustee had to advise the Trustee with respect to her duties initially based on a District Court Order entered by Judge Chang dealing with an Order directing a turn over of mold and tooling asset and accessories ("Mold"). There was an acrimonious setting when the Trustee entered the case as to the possession and usage of the Mold. The Trustee's counsel drafted a possession and usage agreement as well.  In connection with this transactions the Trustee's counsel assisted in obtaining approval for the sale of the Mold.  In addition, Debtor's shareholder filed a letter of complaint with the Office of the United States Trustee for which counsel was required to respond.  Other than the attorney and accountant fees, there are no accrued unpaid administrative expenses.

**INTRODUCTION**

4.  The Trustee has recovered funds from the sale of the Mold and as well as the use and possession of the Mold the amount of $96,185.00.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On December 9, 2011 this Court entered an order retroactively to November 16, 2011 authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee

6. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7. Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein.  In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved.  IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed.  However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).  In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8.  Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A.  The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered.  Also attached as part of Exhibit B is a summary of the fees and costs expended in each category of activity.

## ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

9.  IFG Chtd. incurred expenses in the amount of $87.61 in connection with its representation of the Trustee during the period June 1, 2012 to May 15, 2014 for which it now requests reimbursement.  IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. makes every effort to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries.  An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit A. IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges. In re Adventist Living Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest. For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such

expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

## NATURE OF SERVICES PERFORMED BY IFG CHTD.

### Filed Claims Objections and Settlement of Claims

10. There were three creditors in this case. Two of the creditors claimed large amounts due and owing to themselves and the two creditors objected to each others claims; one filing a formal objection and the other asserting its claimed interest in the claims objection process. Counsel for the Trustee negotiated a framework for a settlement, met with both claimants to try to avoid a substantial trial on the merits. Counsel for the Trustee reviewed the nature of the proceedings and appeared at multiple hearings on this objection to claims. Counsel for the Trustee was instrumental in settling this objection. In addition, Counsel for the Trustee had to resolve another matter with Calico dealing with the Possession and Usage Agreement and issues raised in Judge Chang's ruling. Counsel for the Trustee prepared and filed and appeared on a 9019 Motion to resolve this matter.

In connection with these services, IFG Chtd. expended 9.90 hours, for which it seeks $3,465.00 in fees and reimbursable expenses of $29.94. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 9.90 hours | $350.00 | $3,465.00 |
| TOTAL | 9.90 hours | | $3,465.00 |
| | | Expenses | $    29.94 |
| | | Total | $3,494.94 |

## Miscellaneous

11.    Counsel for the Trustee corresponded with attorney Harding who stepped in on behalf of the Debtor regarding obtaining information for tax returns.  Counsel for the Trustee prepared the 505b letters.  In addition, Counsel for the Trustee reviewed and responded to a complaint filed against the Trustee by the Englund's with the Office of US Trustee.

In connection with the above services, IFG Chtd. expended 5.00 hours, for which it seeks compensation in the amount of $1,750.00 for fees and $21.11 in expenses.  Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 5.00 hours | $350.00 | $1,750.00 |
| TOTAL | 5.00 hours | | $1,750.00 |
| | | Expenses | $    21.11 |
| | | Total | $1,771.11 |

## Retention/Compensation

12.    Counsel for the Trustee finalized and appeared in Court regarding the interim fee petition.  Counsel for the Trustee prepared and appeared on retention of the Accountant to the Trustee.  Counsel for the Trustee prepared and finalized final compensation for all professionals.

In connection with the above services, IFG Chtd. expended 4.50 hours, for which it seeks compensation in the amount of $1,575.00 for fees and $36.56 in expenses.

Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 4.50 hours | $350.00 | $1,575.00 |
| TOTAL | 4.50 hours | | $1,575.00 |
| | | Expenses | $    36.56 |
| | | Total | $1,611.56 |

## CONCLUSION

13.  The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

14.  IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

15.  IFG Chtd. has previously submitted a fee application in this case.

16.  IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

a.  Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $6,790.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from June 1, 2012 through May 15, 2014.

b.  Allowing and directing payment to Law Offices of Ilene F. Goldstein,

Chartered reimbursement for its actual and necessary expenses of $87.61

incurred in connection with such services;

c.  Awarding the previous payment to the Law Offices of Ilene F. Goldstein,

Chartered of interim compensation in the amount of $10,733.00 for the actual,

necessary and valuable professional services and the amount of $6.60 for

allowable expenses rendered to the Trustee during the period from November 16,

2011 through May 31, 2012 as final compensation.

d.  For such other and further relief as this Court deems appropriate.

Respectfully submitted by
Law Offices of Ilene F. Goldstein, Chartered

By:   /s/Ilene F. Goldstein
One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
900 Skokie Blvd, Suite 128
Northbrook, IL 60062
(847) 562-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 19.40 | $350.00 | $6,790.00 |
| TOTAL | 19.40 | | $6,790.00 |

## TIME SUMMARY BY CATEGORY

| | Fees | Costs | Total |
|---|---|---|---|
| Claims/Closing | $3,465.00 | $29.94 | $3,494.94 |
| Miscellaneous | $1,750.00 | $21.11 | $1,771.11 |
| Retention/Comp. | $1,575.00 | $36.56 | $1,611.56 |
| **TOTAL** | **$6,790.00** | **$87.61** | **$6,877.61** |